IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUBEN CARDONA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0225 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RUBEN CARDONA. By his habeas application, petitioner challenges two disciplinary proceedings wherein petitioner was found guilty, first on December 8, 2004 and second on February 3, 2005, of the Level 1 disciplinary offenses of use of unauthorized drugs. Petitioner was punished with the forfeiture of 120 and 180 days previously accrued good time credits.[1]

Following the December 8, 2004 finding of guilt in disciplinary proceeding #20050090997, petitioner filed a Step 1 grievance which was denied on January 11, 2005. Petitioner alleges, "internal affairs for TDCJ returned step 2 written 12/08/04," (Habeas Petition at 5) however, according to respondent, no Step 2 grievance document exists in the records.[2] (Respondent's

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

[2] In a Supplementary Brief filed December 27, 2005, petitioner has provided the Court with a copy of this alleged Step 2 grievance. However, although petitioner used the Step 2 grievance form, he is actually addressing complaints to Internal Affairs about the conditions of his confinement. As argued by respondent, a proper Step 2 grievance is not contained in the record. To the extent petitioner filed any disciplinary appeal with Internal Affairs, such does not constitute the appropriate

Answer at 3). Following the February 3, 2005 finding of guilt in disciplinary proceeding #20050129260, petitioner filed a Step 1 grievance which was denied on May 5, 2005 and he filed a Step 2 grievance which was denied June 10, 2005. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DISMISSED.

I.
STATE COURT CONVICTION

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the 105th Judicial District Court of Nueces County, Texas. In Cause No. 03-CR-4262-D, petitioner pleaded guilty to the second degree offense of burglary of a habitation and on March 8, 2004 he was sentenced to a term of imprisonment of five (5) years. (Respondent's Answer, Exhibit A.).

Further elaboration of the specifics of petitioner's state court conviction and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceedings.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the December 8, 2004 disciplinary proceeding, #20050090997, in the following respects:

His due process rights were violated because:

1. TDCJ officials failed to administer the drug test in a manner consistent with the test manufacturer's instructions; and

---

method of appeal.

      2.      "State officials" failed to provide him with the test manufacturer's instructions in violation of the Freedom of Information Act and the Texas Open Records Act.

Petitioner contends his federal constitutional rights were violated with regard to the February 3, 2005 disciplinary proceeding, #20050129260, in the following respects:

      1.      He was punished twice for the same offense in violation of the Double Jeopardy Clause;

      2.      His due process rights were violated because TDCJ officials failed to administer the drug test in a manner consistent with the test manufacturer's instructions;

      3.      His due process rights were violated because "State officials" failed to provide him with the test manufacturer's instructions in violation of the Freedom of Information Act and the Texas Open Records Act.

### III.
### EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c).

*Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3]

As argued by respondent, petitioner filed a Step 1 grievance on December 9, 2004 appealing the December 8, 2004 finding of guilt through the TDCJ grievance procedure. *See* Disciplinary Grievance Records at 7-8. However, petitioner's two claims are procedurally barred because petitioner failed to file a Step 2 grievance. *See* Business Records Affidavit of Gwen Kay Stanford, Disciplinary Grievance Records at 6. As stated *supra* in Footnote 2, petitioner asserts he filed this Step 2 grievance with Internal Affairs for TDCJ. To the extent petitioner filed his disciplinary appeal with Internal Affairs, such does not constitute the appropriate method of appeal and does not suffice to exhaust petitioner's state court remedies. It thus appears to the Court that petitioner's claims related to disciplinary proceeding #20050090997 were never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting these claims to state authorities. For this reason, petitioner's claims in disciplinary proceeding #20050090997 should be dismissed for failure to exhaust.[4]

Petitioner has raised three claims related to the February 3, 2005 guilty finding in disciplinary proceeding #20050129260. These claims are also procedurally barred from review herein. Petitioner filed his Step 1 grievance on February 18, 2005 and it was denied May 5, 2005. *See* Disciplinary Grievance Records at 2-3. In this grievance, petitioner complained only about alleged errors committed by counsel substitute. Petitioner filed his Step 2 grievance on May 15, 2005

---

[3] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

[4] In his habeas petition, petitioner submitted Step 1 and Step 2 grievance documents purportedly related to disciplinary proceeding, #20050090997. However, the Step 1 grievance is dated November 30, 2004 and the result, dated December 3, 2004, informed petitioner he could appeal any disciplinary action filed, but that he had to wait until after the hearing date. Petitioner filed a Step 2 grievance December 8, 2004, the date of his hearing, and it was denied January 25, 2005. Petitioner did not exhaust his remedies since the grievances were premature.

and it was denied June 10, 2005. *See* Disciplinary Grievance Records at 4-5.[5] In his Step 2 grievance, petitioner raised for the first time his claim of a double jeopardy violation and his claim that the test wasn't performed in accordance with the manufacturer's instructions.[6] It does not appear petitioner raised in either his Step 1 or Step 2 grievances, any due process violations related to state officials failing to provide him with the test manufacturer's instructions in violation of the Freedom of Information Act and the Texas Open Records Act.

It thus appears to the Court that petitioner's claims in either disciplinary case, were never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting his claims to state authorities. For this reason, his petition for a writ of habeas corpus should be dismissed for failure to exhaust.

## V.
## MERITS

In the event petitioner is deemed to have sufficiently exhausted his claims as to the second disciplinary case, he is still not entitled to relief. Two of petitioner's claims allege TDCJ officials denied him due process by failing to administer his drug test in a manner consistent with manufacturer's instructions.[7] Petitioner alleges a six (6) to eight (8) week period is required between tests so that the forty-three (43) day period between his tests was not sufficient. As argued by respondent, such claim is not supported by the evidence. First, petitioner has failed to show the forty-

---

[5] Petitioner contends his Step 1 grievance wasn't properly considered and as support refers to the grievance response of Step 1 wherein disciplinary case # 2005104485 is cited. *See* Disciplinary Grievance records at 3. However, this is a typographical error which cited the grievance number referenced on page one of the Step 1 application instead of the disciplinary case number.

[6] This is a very liberal interpretation of petitioner's Step 2 claims.

[7] Petitioner's claim that TDCJ failed to follow the manufacturer's instructions includes an argument that the tests administered were valid only for purposes of providing a preliminary result and that further tests were necessary. While petitioner's argument might have some applicability in a criminal prosecution, it is without merit in the prison disciplinary context. Traditional rules of criminal prosecution and burden of proof do not apply to prison disciplinary proceedings. *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001) citing *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)(We begin by recognizing that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.")

three (43) day period between drug tests is *per se* erroneous. Petitioner also argues the positive drug tests were a result of prescribed medication and/or residual substances left in his system. However, as briefed by respondent, these theories were presented at the disciplinary hearings and the hearing officer was presented with written statements indicating TDCJ nurses had reviewed petitioner's medical history and determined none of his medications were responsible for the positive drug test results. The hearing officer had an evidentiary basis upon which to reject petitioner's claim of a false positive and/or a positive result caused by non-contraband substances. All of petitioner's claims have been fully and accurately briefed by respondent, are without merit and should be denied.

      Petitioner has also presented two claims alleging unnamed state officials failed to provide him with the drug test manufacturer's instructions in violation of the Freedom of Information Act and the Texas Open Records Act. As argued by respondent, petitioner has failed to set forth enough information to adequately address this claim. In any event, habeas review is not the appropriate vehicle to address a violation of the Texas Open Records Act and state officials are not subject to the federal Freedom of Information Act. As such, these claims should fail.

      Finally, petitioner has alleged a violation of the Double Jeopardy Clause. Specifically, it appears petitioner alleges the drugs at issue would not have had time to leave his body between the first and second drug tests, so the second positive finding was the result of residuals from the contraband testing positive from the first test. Petitioner claims the punishment received as a result of the second test subjected him to a double jeopardy violation. Again, this issue has been fully and accurately briefed by respondent who is correct that the Double Jeopardy Clause is not implicated in prison disciplinary proceedings.

      Further, in this case the first and second tests were conducted forty-three (43) days apart (The first test on November 24, 2004 and the second test on January 6, 2005). The forty-three (43) day window is a sufficient amount of time, <u>in the context of a prison disciplinary hearing</u>, to provide an

evidentiary basis for the guilty finding in the second disciplinary case. The result of the second evidentiary hearing was not arbitrary and provided petitioner with the minimal due process protection to which he was constitutionally entitled.[8] This is not to say that tests performed closer together would not be subject to federal habeas review. Certainly a test performed within a very short time might be subject to an attack as to the validity of the result. This claim should fail.

# VI.
# RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RUBEN CARDONA is without merit and should be, in all things, DISMISSED.

# VII.
# INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this

---

[8] It is noted that petitioner claims TDCJ-ID was required to wait six (6) to eight (8) weeks before conducting the second test. Even if true, petitioner cannot show this requirement was violated because the forty-three (43) day period in this case falls within that time frame.

recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).